**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELMER ANTONIO VASQUEZ LOPEZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No.    2:26-cv-5164 |
| | : | |
| SECRETARY MARKWAYNE MULLIN, | : | |
| ACTING ATTORNEY GEN. TODD | : | |
| BLANCHE, JOHN RIFE, WARDEN JL | : | |
| JAMISON, | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW,** this 30th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 4;[2] and Petitioner's Reply, ECF No. 5; and for the reasons set forth in this

Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa.

---

[1]     Petitioner Elmer Antonio Vasquez Lopez, a native of Honduras, entered the United States in 2013.  *See* Pet. at 2, ECF No. 1.  Vasquez Lopez "was previously in removal proceedings, which were closed in 2023."  *Id.*; *see also* Ex. A, ECF No. 1-3 (the docket reflecting that the immigration judge ordered dismissal of the proceedings on May 19, 2023).  He lived in Philadelphia, Pennsylvania and worked multiple jobs.  *See* Pet. at 2.  Vasquez Lopez is presently detained at the Federal Detention Center in Philadelphia.  *See id.* at 3; *see also* Ex. B, ECF No. 1-4 (the ICE detention information for Vasquez Lopez).  "The government now seeks to detain him indefinitely without the opportunity to request bond."  Pet. at 2.  The Government charged Vasquez Lopez "under [Immigration and Nationality Act ("INA")] § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived at a time or place other than as designated by the Attorney General."  *Id.* at 6.  "The inadmissibility charge reflects DHS's determination that [Vasquez Lopez] entered without inspection and is subject to removal proceedings under INA § 240."  *Id.*  Vasquez Lopez filed the instant habeas Petition on July 24, 2026.  *See* Pet.  He alleges that his detention violates: (1) the INA; (2) Fifth Amendment due process; (3) the Administrative Procedure Act ("APA"); and (4) the Suspension Clause (U.S. Const. art. I § 9, cl. 2).  *See id.* at 18-19.

[2]     On July 28, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania.  *See* Resp. 1-2, ECF No. 4.  Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required.  *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

January 20, 2026) and *Mirdjalilov v. Fed. Det. Ctr. Phila*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

    1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

    A. Petitioner Elmer Antonio Vasquez Lopez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

    B. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

    C. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

    2.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[4] Vasquez Lopez's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process. Because the Petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided. To the extent he seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in *Moreno Ramirez v. Jamison, et al.*, No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.