**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELMER ANTONIO VASQUEZ LOPEZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No.   2:26-cv-5164 |
| | : | |
| SECRETARY MARKWAYNE MULLIN, | : | |
| ACTING ATTORNEY GEN. TODD | : | |
| BLANCHE, JOHN RIFE, WARDEN JL | : | |
| JAMISON, | : | |
| Respondents. | : | |

## **O R D E R**

**AND NOW,** this 10th day of August, 2026, upon consideration of the Court's Order dated July 30, 2026, ECF No. 6, granting the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, finding that Petitioner Elmer Antonio Vasquez Lopez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a), ordering the Government to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within seven (7) days, and directing that if a bond hearing was not timely held before an Immigration Judge that Petitioner be released from ICE custody; Petitioner's Status Report, ECF No. 7; *see also* ECF No. 7-1; Petitioner's Motion to Enforce, ECF No. 8;[1] the Immigration Judge's ("IJ's") Order, ECF No. 8-2; the Government's

---

[1]   Petitioner sought his immediate release, in accordance with the Court's Order granting his Petition for Writ of Habeas Corpus. *See* Mot. to Enforce. Petitioner alleges that the bond hearing itself violated due process because the Government did not set forth a detailed Notice to Appear and the IJ had closed his case on August 3, 2026, and that his continued detention violates due process because the IJ ordered him to be released on $1,500 bond. *See generally id.*; *see also* ECF No. 8-2 (the IJ's order granting Petitioner's custody redetermination pursuant to 8 C.F.R. § 1236 and noting that "ICE/DHS CAN IMPOSE ANY ADDITIONAL CONDITIONS DEEMED NECESSARY"). Petitioner waived his right to appeal. *See* ECF No. 8-2.

Response, ECF No. 10;[2] Petitioner's Replies, ECF Nos. 11, 12, 13, and 14;[3] and for the reasons set

forth in this Court's Opinion issued in *Tkachev v. McShane*, No. 2:26-CV-2372, 2026 WL 1906074

(E.D. Pa. July 1, 2026), which is incorporated in its entirety herein, **IT IS ORDERED THAT**:

1.      Petitioner's Motion to Enforce, ECF No. 8, is **DISMISSED as moot**.[4]

2.      The above-captioned action remains **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2]      The Government opposes the Motion on three bases: (1) Petitioner's bond hearing was not unconstitutional because "a charging document need not be filed to detain a noncitizen subject to removal and hold a bond hearing"; (2) if the Government did not seek a discretionary stay of the IJ's Order, the Government would release Petitioner; and (3) Petitioner failed to exhaust his administrative remedies by not presenting his challenges before the Bureau of Immigration Appeals ("BIA"). Resp. 2–4; *see also* 8 C.F.R. § 236.1(d).

[3]      The Government released Petitioner on August 7, 2026, and is presently fitting him for an ankle monitor. *See* ECF No. 14 at 2. Petitioner presently seeks a refund of his bond payment; removal of the ankle bracelet and release from ICE monitoring and check-ins; return of his possessions; a prohibition of any attempt to re-detain him for thirty (30) days and then "a stipulation that Petitioner is entitled to a bond hearing prior to being re-detained, with such bond hearing to be conducted using a *German Santos* standard in which the government must prove danger and flight by clear and convincing evidence"; and legal fees and costs. *See id.* at 3 (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206 (3d Cir. 2020)).

[4]      Beyond the fact that the Government released Petitioner, rendering his request for immediate release moot, Petitioner failed to exhaust his claims before filing the Motion to Enforce in this Court. "Although there is no statutory exhaustion requirement attached to § 2241, [courts] have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). There are limited exceptions to this requirement, and "[e]xhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Here, Petitioner failed to appeal the IJ's decision to the BIA. He therefore may not bring his claim before this Court.

Additionally, Petitioner does not raise, and this Court does not find any of the exceptions applicable that allow the Court to review the due process complaints in the Motion to Enforce. *See Doe v. Jamison*, No. 26-1906, 2026 U.S. Dist. LEXIS 68893, at *7 (E.D. Pa. Mar. 31, 2026) (holding that the due process claims could not be considered because there were "no applicable statutory exhaustion requirements" and the petitioner was "detained pursuant to 8 U.S.C. § 1226(a), which provides for an administrative review of his detention").